COMMONWEALTH *vs.* GEORGE E. DUPREY.

Plymouth.   February 20, 1902. — February 27, 1902.

Present: HOLMES, C. J., KNOWLTON, MORTON, BARKER, & LORING, JJ.

*Evidence,* Competency.   *Intoxicating Liquors.*

A paper purporting to be a prescription for sherry wine, with a date upon it in a different handwriting, found on a spindle in a druggist's shop with other similar prescriptions, is competent in connection with other evidence to show a sale of the wine at the date indorsed on the prescription. The jury might infer from its having been retained that it was filed in the regular course of business.

COMPLAINT for keeping intoxicating liquors on September 14, 1900, with intent unlawfully to sell the same, received and sworn

to in the Police Court of the city of Brockton on September 17, 1900.

On appeal to the Superior Court, the case was tried before *Fox*, J. It appeared, that the defendant was a druggist doing business in Brockton in his own name and employing two clerks. It did not appear that he had a druggist's license. A few days before the issuing of the complaint, the police officers of Brockton searched the premises under the authority of a warrant, authorizing the search for and seizure of intoxicating liquors and the vessels which contained the same. Sherry wine and other liquors were found and taken away.

In the back part of the shop was a book in which were pasted physicians' prescriptions on printed slips bearing the defendant's name, occupation and place of business, dated and numbered consecutively. On the same shelf was a spindle with other similar prescriptions. The officers looked through these prescriptions and on the spindle found one calling for eight ounces of sherry wine, signed "Dr. Drohan," and marked in a different handwriting with the figures 9–3–1900, and with the number 2274.

The government offered this paper in evidence, and it was admitted against the defendant's objection. No further evidence was introduced bearing on the prescription. At the time of the search the defendant was absent from the shop, his clerks being in charge. The defendant did not take the stand or introduce any evidence in his own behalf.

The jury returned a verdict of guilty; and the defendant alleged exceptions to the admission of the prescription.

*R. W. Nutter*, for the defendant.

*R. O. Harris*, District Attorney, for the Commonwealth.

HOLMES, C. J. The prescription was found in the defendant's possession along with others, seemingly filed in the regular course of business, and marked in a different handwriting with a date which might be inferred to be the date of its reception. We cannot say that the jury were not warranted in drawing the further inference that it had been filled. Most prescriptions are, and it might be thought that otherwise it would not have been retained.

*Exceptions overruled.*